```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

THE GRAY CASUALTY & SURETY      )
COMPANY and THE GRAY INSURANCE  )
COMPANY,                        )
                                )
        Plaintiffs,             )
                                )
vs.                             )         No. 09-2840AV
                                )
LYNN G. HOLTON, GINA O. HOLTON, )
and ROY ADAMS,                  )
                                )
        Defendants.             )
_____

   REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR DEFAULT
                            JUDGMENT
_____

Before the court is the December 8, 2010 motion of the plaintiffs, The Gray Casualty & Surety Company and The Gray Insurance Company (collectively "Gray"), pursuant to Rule 37(b)(2)(a)(vi) for default judgment against the defendants Gina Holton and Roy Adams. Gray seeks to strike the answer of the defendants Gina Holton and Roy Adams and to enter a default judgment against them for failure to comply with the court's orders dated August 11, 2010 and August 19, 2010. The defendants Gina Holton and Roy Adams have not responded to motion, and the time for response has expired. The motion was referred to the United States Magistrate Judge for determination. For the reasons that follow, it is recommended that Gray's motion be granted, that the answer of the defendants Gina Holton and Roy Adams be stricken, and that

default judgment be entered against the defendants Gina Holton and Roy Adams.

Gray served interrogatories and requests for production of documents on the defendants Gina Holton and Roy Adams in February of 2010.  They failed to timely respond.  After letter request from Gray's counsel, Gina Holton and Roy Adams filed responses on June 7, 2010, but their responses were insufficient. In addition, initial disclosures were due on May 10, 1010.  Gina Holton and Roy Adams failed to provide initial disclosures.

On July 12, 2010, Gray filed a motion to compel the defendants Gina Holton and Roy Adams to respond more fully to its first set of interrogatories and requests for production of documents and to provide initial disclosures.  By order dated August 11, 2010, the court granted Gray's motion to compel and ordered Gina Holton and Roy Adams to file initial disclosures and fully respond to Gray's interrogatories and requests for production of documents within fourteen days of the date of the order and warned the defendants that failure to abide by the court's order or to comply with discovery requests could result in the entry of default judgment against them.  The defendants Gina Holton and Roy Adams failed to respond to the discovery requests or provide initial disclosures as ordered by the court. On August 19, 2010, the court order the defendants Gina Holton and Roy Adams to pay Gray its reasonable attorney fees incurred in bringing the motion to compel in the

amount of $1,638 within thirty days of the date of the order. The defendants Gina Holton and Roy Adams failed to do so. Gray then filed the present motion for the sanction of default judgment. The defendants Gina Holton and Roy Adams have failed to respond to this motion.

The Federal Rules of Civil Procedure provide that if a party fails to abide by a court order to provide discovery, the court "may issue further just orders" including the imposition of any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vii), among which are the striking out of any pleadings and rendering a judgment by default against the disobedient party. FED. R. CIV. P. 37(b)(2). In addition to those sanctions, the court can treat the failure of the disobedient party to obey the court's order as a contempt of court. FED. R. CIV. P. 37(b)(2)(A)(vii).

The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice

3

resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). The court applies the same factors in determining whether to enter default judgment against the defendants for failure to obey a court order to provide discovery.

The first factor of the Sixth Circuit's test is satisfied because the defendants Gina Holton and Roy Adams's failure to respond to the interrogatories and request for documents is due to their own willfulness and fault. They have had over four months to respond more fully and to provide initial disclosures in response to Gray's discovery requests but have failed to do so. They have ignored an order of the court directing them to respond. This course of conduct constitutes a clear record of delay.

The second factor is satisfied as Gray has been prejudiced because it is unable to move forward in its preparation for trial without the their responses to its discovery requests. Furthermore, Gray has had to waste time, money, and effort in pursuit of discovery.

The third factor is also satisfied. The defendants Gina Holton and Roy Adams were made aware that failure to comply with

4

the court's order would result in the entry of a default judgment against them.

The final factor is satisfied because lesser sanctions would not be appropriate in this case.  The defendants Gina Holton and Roy Adams have failed to provide sufficient discovery and failed to abide by an express order of the court to do so.

The court finds that striking the answer of Gina Holton and Roy Adams and entering a default judgment against them is an appropriate sanction in this case. It is therefore recommended that Gray's motion for a default judgment against Gina Holton and Roy Adams be granted.

Respectfully submitted this 18th day of January, 2011.


    s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

5